UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

THOMAS KRAEMER,

                      Plaintiff,

      -against-

THE CITY OF NEW YORK; NYPD; DOI; ANDREW GUINAN, DOI INSPECTOR; DISTRICT COUNSEL 37; U.S. MARSHAL, SDNY; MICHAEL EDELSTEIN; MICKEY CEKOVIC; LISA SPITALE, ESQ.; MARCIE ROMBERGER, ESQ.; SHANNON MOORE, ESQ; AMY (FONTNO) DERAYMOND; RAYMOND DERAYMOND, ATTORNEY; COUNTY OF NORTHAMPTON OFFICE OF THE COUNTY EXECUTIVE; NORTHAMPTON COUNTY COURT; NORTHAMPTON COUNTY MH/MR; MILESTONES COMMUNITY HEALTHCARE INC.; NORTHAMPTON COUNTY SHERIFF; GRETCHEN KRAEMER, DEPUTY; THE EASTON AREA SCHOOL DISTRICT; FREYA KOGER, PH.D; THE CITY OF EASTON; EASTON POLICE; CVS HEALTH CORPORATE; XEQUIEL HERNANDEZ, DR.; DERMONE; CHA J. YU, DR.; LAMONT MCCLURE;

                      Defendants.

----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2019

19 CV 6671 (VEC)

ORDER TO SHOW CAUSE

**VALERIE CAPRONI, United States District Judge:**

      WHEREAS Plaintiff, acting *pro se*, has filed a 186-page complaint, with hundreds of pages of additional exhibits, alleging a wide-ranging conspiracy between federal, state, local, and judicial authorities and the mother of Plaintiff's child, to torture, kidnap, and traffic that child, while undertaking extensive efforts to undermine Plaintiff's efforts to seek justice, including by attempted murder through poisonous gas, allegedly administered by Plaintiff's landlord, and various hit-and-run plots, Dkts. 1, 20–27;

WHEREAS the Complaint is riddled with entirely implausible allegations of surveillance and surreptitious communications, including nose-swipes, sniffs, and a seemingly omnipresent cabal committed to discrediting and harming Plaintiff, *see generally* Dkt. 1;

WHEREAS the Court has previously determined that Plaintiff's "filing history evinces a pattern of vexatious, duplicative, and nonmeritorious litigation," and that Plaintiff's "dense, repetitive, and difficult to decipher" submissions "needlessly force the Court to expend considerable resources," *see Thomas Kraemer v. Florance Edelstein et al.*, No. 17-CV-2910, Dkt. 14 at 10 (S.D.N.Y. Sep. 9, 2017);

WHEREAS Plaintiff has previously alleged, in a separate action commenced on December 8, 2014, coordinated efforts, by many of the same Defendants as in this case, to kidnap, imprison, and torture his daughter, *see Kraemer v. Fontno*, No. 14-CV-9343, Dkt. 4 (S.D.N.Y. Mar. 18, 2015);

WHEREAS Plaintiff alleges injuries that occurred as early as 2000, *see* Dkt. 1 at 14;

WHEREAS Plaintiff's current complaint repackages substantively similar allegations in the form of a civil action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO); and

WHEREAS the statute of limitations for a civil RICO action is four years, which begins to run from Plaintiff's discovery of his injury and is not extended by later predicate acts[1];

IT IS HEREBY ORDERED that Plaintiff must show cause, no late than **November 1, 2019**, why his action should not be dismissed as time-barred because he became aware of his alleged injuries likely as early as 2000 and certainly no later than December 2014.  Additionally, Plaintiff must show cause why his action should not be dismissed as frivolous because the

---

[1]    *See Rotella v. Wood*, 528 U.S. 549, 554 (2000); *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 187 (1997) ("[T]he last predicate act rule creates a limitations period that is longer than Congress could have contemplated."); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361–62 (2d Cir. 2013); *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012).

factual allegations "rise to the level of the irrational or the wholly incredible" or because the legal theory is "indisputably meritless."  *See Thomas Kraemer v. Florance Edelstein et al.*, No. 17-CV-2910, Dkt. 14 at 8 (S.D.N.Y. Sep. 9, 2017) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) and *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.").  And finally, because his allegations have previously been determined to be frivolous, Plaintiff must show cause why his action is not barred by *res judicata*.  Plaintiff's response to this Order to Show Cause must be no more than 15 pages, double-spaced, and in at least 12-point font type.  If Plaintiff requests leave to amend his pleading, he must explain why such an amendment would not be futile (subject to the same page limitation set forth above) and submit a proposed amended pleading.

All Defendants' time to answer or otherwise respond remains stayed pending further order.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and note mailing on the docket.

**SO ORDERED.**

Date:  **October 18, 2019**  
        **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**