UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
:
THOMAS KRAEMER,                                :
                      Plaintiff,     :
      :
         -against-                      :
      :
      :
THE CITY OF NEW YORK; NYPD; DOI; ANDREW :
GUINAN, DOI INSPECTOR; DITSRICT COUNSEL :
37; U.S. MARSHAL, SDNY; MICHAEL :
EDELSTEIN; MICKEY CEKOVIC; LISA SPITALE, :
ESQ.; MARCIE ROMBERGER, ESQ.; SHANNON :
MOORE, ESQ; AMY (FONTNO) DERAYMOND; :
RAYMOND DERAYMOND, ATTORNEY; :
COUNTY OF NORTHAMPTON OFFICE OF THE :
COUNTY EXECUTIVE; NORTHAMPTON :
COUNTY COURT; NORTHAMPTON COUNTY :
MH/MR; MILESTONES COMMUNITY :
HEALTHCARE INC.; NORTHAMPTON COUNTY :
SHERIFF; GRETCHEN KRAEMER, DEPUTY; THE :
EASTON AREA SCHOOL DISTRICT; FREYA :
KOGER, PH.D; THE CITY OF EASTON; EASTON :
POLICE; CVS HEALTH CORPORATE; XEQUIEL :
HERNANDEZ, DR.; DERMONE; CHA J. YU, DR.; :
LAMONT MCCLURE; :
                      Defendants.     :
      :
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/24/2020

19-CV-6671 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS Plaintiff, acting *pro se*, has filed a 186-page complaint, with hundreds of

pages of additional exhibits, alleging a wide-ranging plot between allegedly omnipotent federal,

state, and local authorities (judicial and executive) and the mother of Plaintiff's child to torture,

kidnap, and traffic that child while undertaking extensive efforts to undermine Plaintiff's efforts

to seek justice, including by attempted murder through poisonous gas—allegedly administered

by Plaintiff's landlord—and multiple hit-and-run attempts, *see, e.g.*, Dkts. 1, 15, 20–27;

WHEREAS the Complaint is riddled with entirely implausible allegations, including of pervasive surveillance and surreptitious communications, such as nose-swipes, sniffs, and a seemingly omnipresent cabal committed to discrediting and harming Plaintiff, *see, e.g.*, Dkt. 1 at 41, 145;

WHEREAS another judge in this district has previously observed that Plaintiff's "filing history evinces a pattern of vexatious, duplicative, and nonmeritorious litigation," and that Plaintiff's "dense, repetitive, and difficult to decipher" submissions "needlessly force the Court to expend considerable resources," *see* Order of Dismissal, *Kraemer v. Edelstein et al.*, No. 17-CV-2910, Dkt. 14 at 10 (S.D.N.Y. Sep. 19, 2017);

WHEREAS Plaintiff has been barred from filing any action *in forma pauperis* without judicial approval, *see* Bar Order, *Kraemer v. Edelstein et al.*, No. 17-CV-2910, Dkt. 16 (S.D.N.Y. Nov. 1, 2017);

WHEREAS Plaintiff has previously alleged, in a separate action commenced on December 8, 2014, coordinated efforts by many of the Defendants in this case to kidnap, imprison, and torture his daughter, *see* Transfer Order, *Kraemer v. Fontno et al.*, No. 14-CV-9343, Dkt. 11 (S.D.N.Y. Mar. 18, 2015);

WHEREAS that 2014 action was transferred to the Eastern District of Pennsylvania, *id.*, which soon dismissed Plaintiff's claims as frivolous on multiple grounds, including *res judicata*, *see* Memorandum Opinion, *Kraemer v. Fontno et al.*, No. 15-CV-01521, Dkt. 8 at 1, 8 (E.D.P.A. June 10, 2015);

WHEREAS Plaintiff has previously litigated and lost another action, in 2010, in the Eastern District of Pennsylvania, against many of the same Defendants and arising out of the

same perceived abuse of his daughter,[1] *see* Memorandum Opinion, *Kraemer v. Commonwealth of Pennsylvania et al.*, No. 10-CV-04868, Dkt. 122 (E.D.P.A. Sep. 15, 2011);

WHEREAS Plaintiff's present complaint arises out of the same transaction or occurrence as his previous complaints but is rebranded as a Racketeer Influenced and Corrupt Organizations Act (RICO) claim, tying together virtually all the grievances aired in his prior cases;

WHEREAS Plaintiff alleges injuries that occurred as early as the year 2000, *see, e.g.*, Dkt. 1 at 8, 14;

WHEREAS one of the many Defendants moved to dismiss on various grounds, including statute of limitations[2] and *res judicata*, Dkt. 18;

WHEREAS the statute of limitations for a civil RICO action is four years, which begins to run from Plaintiff's discovery of his RICO injury and is not extended by later predicate acts[3];

WHEREAS, to obviate extensive and repetitive briefing by the numerous Defendants, the Court stayed the remaining Defendants' time to respond to the Complaint and ordered Plaintiff to show cause why his action should not be dismissed as time-barred because he became aware of

---

[1]      In the interest of brevity, the Court simply notes that Plaintiff has litigated and lost at least two other actions with related facts.  *See* Order of Dismissal, *Kraemer v. Edelstein*, No. 15-CV-9839 (S.D.N.Y. Jan. 26, 2016); Order of Dismissal, *Kraemer v. Fontno*, No. 15-CV-1755 (S.D.N.Y. Apr. 1, 2015).

[2]      *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.  Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

[3]      *See Rotella v. Wood*, 528 U.S. 549, 554 (2000) (reaffirming rejection of last predicate act rule); *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 187 (1997) ("[T]he last predicate act rule creates a limitations period that is longer than Congress could have contemplated."); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013) ("In RICO cases, we have applied a discovery accrual rule, under which the limitations period begins to run when the plaintiff discovers or should have discovered the RICO injury." (citation omitted)); *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148–49 (2d Cir. 2012) (holding that discovery accrual rule announced in *Rotella* continues to be controlling law).

his alleged RICO injuries likely as early as 2000[4] and certainly no later than 2010 or 2014, when he litigated the same allegations against many of these Defendants,[5] Dkt. 28;

WHEREAS the Court further ordered Plaintiff to show cause why the action is not barred by *res judicata*, Dkt. 28;

WHEREAS the Court further ordered Plaintiff to show cause why the action should not otherwise be dismissed as factually frivolous, Dkt. 28;

WHEREAS Plaintiff's written response indicates that he entered the Thurgood Marshall United States Courthouse and demanded to meet personally with the undersigned because he doubted the authenticity of the Order, which was conveyed via ECF notice, Dkt. 29;

WHEREAS Plaintiff appears to accuse the Clerk's Office and the Pro Se Unit's staff of using Defendants' secret signals and joining in the coordinated plot against him, Dkt. 29;

WHEREAS Plaintiff's written response continued to dispute the authenticity of the Court's order and demand an in-person hearing, without addressing the statute of limitations and *res judicata* grounds for dismissal, Dkt. 29;

WHEREAS the Court informed Plaintiff that the previous order was, in fact, authentic, and reminded him of the need to respond to the substance of the Order to Show Cause, Dkt. 30;

---

[4]     The complaint alleges that Plaintiff's daughter was trafficked in 2000, with additional predicate acts occurring in 2006, 2012, and 2013. *See, e.g.*, Dkt. 1 at 8–9, 11.

[5]     District courts may *sua sponte* dismiss cases as frivolous to preserve judicial resources, even when the plaintiff has paid the filing fee rather than proceed *in forma pauperis*. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[A]s courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.  Accordingly, we hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."); *Tyler v. Carter*, 151 F.R.D. 537, 540 n.2 (S.D.N.Y. 1993) (*sua sponte* dismissing action as frivolous as to all defendants pursuant to Rule 12(b)(6) even though only some defendants moved to dismiss), *aff'd*, 41 F.3d 1500 (2d Cir. 1994).

WHEREAS Plaintiff thereafter submitted an affidavit that was again non-responsive to the statute of limitations or *res judicata* grounds for dismissal, instead demanding the right to engage in discovery, Dkts. 32–33;

WHEREAS Plaintiff filed a separate 103-page response, which rehashes his convoluted allegations and largely ignores the *res judicata* and statute of limitations issues, except to tangentially cite to criminal cases involving RICO claims prosecuted by the federal government, which are subject to different limitations rules,[6] Dkt. 34 at 3; and

WHEREAS Plaintiff has continued to submit voluminous filings totaling nearly two thousand pages—none of which addresses the statute of limitations or *res judicata* issues—after the deadline to respond to the Order to Show Cause had elapsed, *see* Dkts. 36–38, 40–45, 47;

IT IS HEREBY ORDERED that this action is dismissed because Plaintiff failed to show cause why this action should not be dismissed as frivolous.  First, the action is clearly precluded by the four-year statute of limitations applicable to civil RICO actions.  Plaintiff does not dispute that he has been aware of his injuries since before 2015—he instead argues that the limitations period does not apply.  *See, e.g.*, Dkt. 34 at 2 ("Accordingly, there are verifiable predicate offenses for which there is no time-bar."); Dkt. 34 at 6 n.7 ("There is no time bar for attempted murder, the attempted murder of federal judge applicants victim(s), or torturing a federal judge applicants trafficking victim (EK) to silence her speech while he was being vetted by Congress and the President.").  Because Plaintiff's litigation history and present allegations indisputably show that he was aware of his RICO injuries long before 2015, the action, on its face, is time-barred.

---

[6]      *Klehr*, 521 U.S. at 188 ("We recognize that RICO's criminal statute of limitations runs from the last, *i.e.*, the most recent, predicate act.  But there are significant differences between civil and criminal RICO actions, and this Court has held that criminal RICO does not provide an apt analogy.").

Alternatively, Plaintiff has failed to show cause why this action is not barred by *res judicata*, because his RICO claims could have been alleged in his earlier cases, which involved essentially the same enterprise, albeit with a slightly different cast.  *See Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992) ("Claim preclusion prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided."); *Ruderer v. Dep't of Justice*, 389 F. Supp. 549, 550 (S.D.N.Y. 1974) ("Plaintiff cannot escape the effect of prior adverse determinations by clothing the claim(s) in different garb." (citation omitted)).

Finally, the case is also dismissed because the allegations are "fanciful" and factually frivolous, even when liberally construed.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").  "A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *aff'd*, 41 F.3d 1500 (2d Cir. 1994).  While the Court has no basis to doubt the sincerity of Plaintiff's beliefs, the allegations exhibit a level of delusional paranoia that makes the continuation of this vexatious litigation an unjustified expenditure of public and private resources.  *See, e.g.*, Dkt. 1 at 54–55 (alleging coordinated efforts by police, AMC movie theaters, the Apple store, Duane Reade, CVS, Dunkin Donuts, FedEx, Hudson Yards, McDonald's, New York University, Starbucks, Staples, T-Mobile, and others to surveil, mock, and harass Plaintiff); *Raoul v. City of New York Police Dep't*, No. 14-CV-1787, 2015 WL 1014204, at *2 (E.D.N.Y. Mar. 6, 2015) (concluding that plaintiff's claims were factually frivolous because they "are based purely on wide-ranging,

incoherent allegations of a massive conspiracy by numerous federal, state, and local government entities to persecute him through tactics ranging from aerial drone surveillance to messages beamed directly into his mind"). As the Second Circuit has held, courts need not entertain conspiracy theories based on "pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011); *see, e.g.*, Dkt. 1 at 60–61 (alleging that FBI and NYPD conspired with Jewish landlords in attempt to murder Plaintiff in order to protect federal judge from human-trafficking liability). Further expenditure of resources in this case is particularly unwarranted because Plaintiff has already had several attempts, in at least two districts, to litigate the perceived misconduct. *See Papadopoulos v. Gazes*, No. 14-CV-3713, 2014 WL 3928940, at *5 (S.D.N.Y. Aug. 12, 2014) ("The factual allegations in the Complaint are fanciful, fantastic, and unmoored from reality. Worse yet, they are precisely the same fanciful allegations as have been dismissed time and time again.").

For the foregoing reasons, the complaint is dismissed as legally and factually frivolous, notwithstanding Plaintiff's payment of the filing fee. Leave to amend, which has not been requested, is denied as futile because the multiple defects in this case are not the result of inartful pleading and cannot be cured by yet another attempt to re-litigate Plaintiff's perceived persecution.

The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and close the case.

A copy of this Order has been mailed to Plaintiff by chambers staff.


**SO ORDERED.**

Date:  **April 24, 2020**
    **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

7